**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1894

EDWIN GIRON-CASTILLO,

                    Petitioner,

        v.

MERRICK B. GARLAND, Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  April 18, 2024                          Decided:  April 19, 2024

Before WILKINSON, NIEMEYER, and THACKER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:**  Evan J. Law, GAYHEART & WILLIS, P.C., Culpeper, Virginia, for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, Sarah A. Byrd, Senior Litigation Counsel, Allison Frayer, Senior Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edwin Giron-Castillo, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's decision denying Giron-Castillo's applications for asylum and withholding of removal.[*] We deny the petition for review.

We have reviewed the administrative record, including the transcript of the merits hearing and all supporting evidence, and considered the arguments raised on appeal in conjunction with the record and the relevant authorities. We conclude that the record evidence does not compel a ruling contrary to any of the agency's factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the immigration judge's dispositive ruling, affirmed by the Board, that Giron-Castillo failed to establish the requisite nexus between the claimed protected ground and the asserted past persecution or the feared future persecution, *see Toledo-Vasquez v. Garland*, 27 F.4th 281, 287-91 (4th Cir. 2022) (reiterating that not every threat that relates to a noncitizen's "family member is made on account of family ties" and "that the nexus requirement is primarily about the persecutor's reasons for targeting an individual" (internal quotation marks omitted)); *see also Madrid-Montoya v. Garland*, 52 F.4th 175, 179-80 (4th Cir. 2022) (observing that, "if the record plausibly could support two results: the one the [agency] chose and the one [the

---

[*] We observe that Giron-Castillo has forfeited review of the denial of relief under the Convention Against Torture by failing to raise that issue in his brief in this court. *See* Fed. R. App. P. 28(a)(8)(A); *Ullah v. Garland*, 72 F.4th 597, 602 (4th Cir. 2023) (explaining that a party forfeits appellate review of those issues and claims not raised in the party's briefs).

2

petitioner] advances," this court "must defer to the agency" (internal quotation marks omitted)).  *See generally Velasquez v. Sessions*, 866 F.3d 188, 195-96 (4th Cir. 2017) (recognizing the established principle that "the asylum statute was not intended as a panacea for the numerous personal altercations that invariably characterize economic and social relationships" and distinguishing the type of personally motivated conflicts that generally "fall[ ] outside the scope of asylum protection" (brackets and internal quotation marks omitted)).

Accordingly, we deny the petition for review.  *See In re Giron-Castillo* (B.I.A. July 28, 2023).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*
